Brady, J.
The plaintiff sought to recover in this action' upon a certificate issued by the defendant to Mina Gross-man, which is as follows:
“Supreme Lodge, Knights and Ladies op Honor. No. 29,113. $1,000.
“ Class A.
“This certificate issued by the Supreme Lodge, Knights and Ladies of Honor, witnesseth:
“ That Mina Grossman, a member of Oriental Lodge, No. 527, of said order, located at New York, in the state of New York, is entitled to all the rights and privileges of membership in the Order of Knights and Ladies of Honor, and to participate in the relief fund of the order to the amount of $1,000, which sum shall at her death be paid to her husband, Fritz Grossman.
“This certificate is issued upon the express condition that the said Mina Grossman shall, in every particular, while a member of said order, comply with all the laws, rules and requirements thereof.
“ In witness whereof, the Supreme Lodge, Knights and Ladies of Honor, has caused this to be signed
jL. s.] its supreme protector and secretary under the seal thereof, this 7th day of February, 1885.
“Attest:
“Freeman Wright, Supreme Secretary,
“R G. LAMBERTON,
“ Supreme Protector.”
Mina Grossman, it appears, was a member of the Oriental Lodge, No. 527, a subordinate branch of the defendant.
The complaint alleged that on the 7th of February, 1885, when the certificate was issued, she was a member in good standing, having faithfully complied with all the laws, rules and requirements of the defendant’s corporation required to be kept and performed by her. It also contained •a proper allegation of her death, and that when it occurred she was, in every particular, in accord with the roles and *594 requirements of the order; and that her beneficiary became entitled to the sum named in the certificate.
The answer put in issue all these allegations and set up affirmative defenses to the effect that she was irregularly and illegally admitted a member of the lodge,' in violation of the constitution and laws of the defendant governing it; and that previous to her admission as a member of the lodge and participant in the relief fund, she contracted and agreed that her compliance with all the laws and rules, of the defendant then in force, and that might be thereafter enacted, and that all answers to questions propounded by the medical examiner of said Oriental Lodge should be full, correct and true, was the condition and warranty upon which she, or her beneficiary, should be entitled to participate in the relief fund, and that she did not so comply, and that she was guilty of a breach of warranty.
The defendant, after the plaintiff had established a prima facie case, sought to prove the first affirmative " defense by the cross-examination of the plaintiff, but the; preliminary questions were excluded upon the ground, as. contended by the appellant, and as would seem to be the case, that the certificate was an estoppel. -
Similar proof was offered, including the minutes of the-Oriental Lodge, bearing upon the question of the admission which was excluded. The defendant, also, offered proof to establish the second defense of breach of warranty involving misrepresentation and concealment of' facts by Mina Grossman as to her condition of health previous to her admission which was finally admitted in part.
The application for her admission to participate in the relief fund and the statements concerning her health made by her to the subordinate medical examiner were, however, admitted in evidence and some testimony was given tending to show that her statements contained therein in regard to her previous condition were untrue, particularly that, she had been afflicted with pleurisy, and had had a surgical operation performed on her, of which facts the plaintiff had knowledge. It was also contended and the defendant sought to prove that the plaintiff knew of the illegality of her admission and non-compliance with the rules and bylaws of the organization.
Upon the conclusion of the evidence the learned justice presiding seems to have thought that there was nothing in the case to establish the relation between the certificate and the statements made to the medical examiner, or in other words that it was issued on that statement and so expressed himself, whereupon the defendant’s counsel desired to be heard, and after stating his views moved for a dismissal of *595 the complaint which was denied and an exception duly taken.
He then asked leave to submit the question of fact to the jury as to whether the certificate was issued upon the faith of the medical examination. He also asked the learned judge, either to leave to the jury or to say to the jury as matter of law, that the statements and declarations in the medical examination were warranties and if in any respect they were untrue, the plaintiff could not recover. These sequests were denied and an exception taken.
There were some other elements of discord to which it is not necessary to refer.
The by-laws admitted in evidence provide by article 5, section 10, that the subordinate medical examiner shall examine all applicants for membership, strictly complying with arid using the form prescribed by the supreme lodge, and by the 6th article, that each applicant for relief fund membership must fill up and sign the application prescribed by the supreme lodge, and must be recommended by a member of the lodge in good standing, which application must be accompanied by the fees for initiation and subordinate medical examination, and that the same shall then be referred to a committee of three members of the lodge to investigate the character of the applicant.
Upon turning to the application signed by Mrs. Gross-man we find that she agreed and contracted that her compliance with all the laws, rules and requirements governing the fund then in force, or that might thereafter be enacted by the order, and that her answers to the questions propounded by the medical examiner were full, correct and true, were the express condition and warranty upon which she was to be entitled to participate in the relief fund.
The application was accompanied by the medical examination signed by her, certified by Dr. Lerr, the medical officer of the Oriental Lodge, and approved by Dr. Witherill, the supreme medical examiner of the defendant. The application and the accompanying papers were completed prior to the issuance of the certificate, and there seems to be no doubt that the certificate itself, was predicate of the application and the medical examination.
The learned justice in disposing of the case upon the theory that there was no relation between these several ceremonies, was probably influenced by the fact that the certificate makes no express reference to either preceding it. But in the certificate Mrs. Grossman is declared to be entitled to participate in the relief funds of the order which prima facie sufficiently connects it with the preliminary application and examination. It would indeed be extraordinary that a certificate in the nature of a policy of life insurance, should be *596 issued without any examination as to the condition of the insured. It would be still more extraordinary if after such an examination were had, and the application made, the issuance of a certificate containing no reference to these preliminaries should be held to be an estoppel, and thus relieve the beneficiary from the effect of the constitution and by-laws of the society which the insured agreed to observe and comply with.
The observation made by Finch, J., in Hellenberg v. Dist. No. 1, I. O. of B. B. (94 N. Y., 584), that the charter and bylaws of the defendant corporation constitute the terms of an executory contract, to which the testator assented when he accepted admission into the order, may mutatis mutandis be applied to Mrs. Grossman.
It was distinctly held in a well considered case (Masonic Benefit Society of Indiana v. Burkhart, 7 West. Rep, 527), that the essential difference between a certificate of membership in a beneficial association and a life policy is, that in the latter, the rights of the beneficiary are fixed by the terms of the policy, while in the former, they depend upon the certificate and rights of the member under the constitution and by-laws of the society.
If under the developments upon the trial there was any doubt about the connection between the application and the medical examination and the certificate, there was abundant evidence to warrant the submission of that question to the jury, and the supplemental question, if that were decided in the defendant’s favor, whether the statements made by Mrs. Grossman were true or false. In a benevolent order like that of which she became a member, absolute good faith should be the impressive character of all the members. Indeed the designation: “ Supreme Lodge Knights and Ladies of Honor ” would imply as much.
For these reasons, without any more elaborate consideration of the case, it is quite apparent that the learned justice erred in taking the case from the jury. That course was not warranted by the evidence or the law.
The judgment must be reversed and a new trial granted with costs to appellant to abide event.
Van Brunt, P. J., and Daniels, J., concur.